MILFRED F. ROGERS *v.* STATE OF MISSISSIPPI.

[40 South. Rep., 744.]

CONTEMPT. *Grand jury. Examination of witness. Refusal to testify.*

A witness before the grand jury, who received stolen property from a woman for return to the owner, no matter what she instructed or he promised, cannot decline to identify the woman, although she be the wife of the thief.

FROM the circuit court of Union county.

HON. JAMES B. BOOTHE, Judge.

Rogers, the appellant, was fined $200 by the court below for his contempt in refusing to answer a question propounded to him as a witness by the grand jury, touching the identity of a woman from whom he had received stolen property, and from the judgment imposing the fine he appealed to the supreme court. The facts are stated in the opinion of the court.

*Crum & Robertson,* for appellant.

The presumption of innocence is a legal defense in this proceeding the same as it is in any other criminal proceeding. Therefore, unless it be shown beyond a reasonable doubt that the testimony sought to be forced from the witness is competent, relevant and material in the legal proceeding, and that it is not self-incriminating, the defendant is not guilty under the law. There is no presumption that this testimony sought is competent, relevant and material, for the entire record is here and these requisites do not therein appear, but the presumption of innocence of the defendant puts the onus on the state to show that this coveted testimony is competent, relevant and material, and not self-incriminating; and if there is any reasonable theory arising from the record other than that the testimony sought is competent, relevant and material, there would be a reasonable doubt of the guilt of the defendant, and the court below should not have fined him for his refusal to give such evidence. It was the recognized understanding of the court below and of the district-attorney that the woman who returned the package was the wife of the man under investigation by the grand jury for the larceny. This fact is not shown to be untrue by the record, and could not be shown to be true by the witness without doing the very thing he had promised he would not do, to wit: divulge the name of the woman who returned the package to him. Now if the party who returned this package was the wife of the thief who stole the money (and this is a reasonable theory and not at all inconsistent with the record) and he should be indicted for this

larceny, the testimony sought to be coerced from Rogers, that the wife of the indicted man returned this package to him, would not be competent, relevant or material on his trial; and if the district-attorney had her name the state could not require her to testify against her husband, for a wife cannot be made to testify against her husband in a criminal prosecution of this character. Therefore, the evidence sought to be forced from Rogers, if he should give all he knows, would not aid in the least in the conviction of the party who stole the money from the express company.

In the second place, the witness had the constitutional right to refuse to give this evidence, because in giving it he would incriminate himself. Constitution of United States, Am. V. Constitution of Mississippi, sec. 26, reads: "And he (defendant) shall not be compelled to give evidence against himself." And the witness is the sole judge as to whether the testimony will criminate him, unless it conclusively appears that in no state of the case it can be incriminating. *Word* v. *Sykes,* 61 Miss., 649; *United States* v. *Aaron Burr.*

It is not confined, however, to cases where the answer of the witness would render him liable to criminal proceedings or penalty. It is enough if his answer will have a tendency to stigmatize or disgrace him. *Vaughn* v. *Paine,* 2 Penn., 728; *Sodusky* v. *McGee,* 5 J. J. Marshall, 621; *U. S.* v. *Dickerson,* 2 McLean, 325; *People* v. *Rector,* 19 Wend., 569; *Clementine* v. *State,* 14 Mo., 112.

Section 951, Code 1892, makes the defendant an accessory to the crime of larceny after the fact if he "relieved," "aided" or "assisted" the real felon, "with intent to enable such felon to escape or avoid arrest, trial or conviction, or punishment."

Again, § 988, Code 1892, provides that if the defendant had knowledge that this money had been stolen; and took any property of another, or reward, upon any agreement to abstain

from prosecution of the felon, or to withhold any evidence, he is guilty of compounding the felony and punishable.

It is not contended by the defendant that any of his said acts were done with a corrupt or immoral purpose; on the contrary, it is frankly admitted that all he did in the recovery and return of the money to the possession of the rightful owner was sincerely done under his conception of what. constituted his duty to society. It could be truthfully admitted that the defendant at the time he "aided" the felon to avoid prosecution, and promised immunity from punishment upon the condition that the package be returned, he was ·ignorant that he was violating the law and becoming an accessory after the fact and compounding the felony; but this ignorance will not excuse a violation, and if the witness be required to open all the details of this transaction it will amount to compelling him to furnish evidence against himself.

*R. V. Fletcher,* assistant attorney-general, for appellee.

Counsel for appellant set up two reasons why the witness cannot be made to testify.

First, that the evidence was not material and could not be used on the final hearing of the case.

Second, that the testimony would tend to incriminate the witness, and that he was therefore privileged to decline to testify.

The first contention rests upon a fact *de hors,* the record. It is suggested in the brief of counsel that the woman who brought the missing money to Rogers was the wife of the guilty man, and that she could not be compelled nor would she be permitted to testify against her husband, either in the grand-jury room or in the court. But this court must try the case presented by the record, and it no where appears in the record that the woman was the wife of the party being investigated. Rogers did not so state, and, indeed, his counsel state in their brief

that if he had so stated, it would have defeated the very motive that impelled him to seal his lips. Certainly this court cannot travel out of the record to conjure up a state of facts that might render incompetent the testimony sought. Of course, it might develop that this woman was protected from testifying by the conjugal tie, or she might be dead, or she might be *non compos mentis,* or half a dozen other conditions may be imagined why her testimony could not be procured, but some showing must be made to the grand jury, to the trial court and to this court before it can be judicially determined that the testimony was immaterial. Here was a witness before the grand jury who admitted that he knew of a woman who had handled the stolen package. He refused to say who the woman was. It is certainly important to the grand jury that her testimony should be heard. If she was privileged from testifying, it was her privilege to refuse. Nothing is perhaps better settled than that one person cannot claim a privilege for another. This was an investigation before the grand jury, and while grand juries should hear and consider only relevant and competent testimony, still it is not controlled by technical rules of evidence. 17 Am. & Eng. Ency. Law, 1282.

Furthermore, the evidence desired would be relevant and permissible before the grand jury if it was necessary in order to give the jury a clew which, if followed, would lead to the detection of the guilty party.

Thus it has been held that while a paper to go before the grand jury must be relevant to the case, yet the fact that it was referred to by a witness and wanted by the grand jury renders this testimony competent. *United States* v. *Burr,* Fed. Cas. No. 14, 693.

. The second contention of appellant is that he was warranted in declining to testify because the testimony desired would tend to incriminate him. There are two complete answers to this proposition. The first is that under no possible theory of the

case could disclosing the name of the party returning the money incriminate this witness. To aid the owner in recovering stolen property is not acting as accessory after the fact, nor is it violative of any statute.

The second and conclusive answer is that this is a personal privilege, to be claimed and pleaded by the witness personally. Now the record in the instant case shows that the witness did not claim his privilege on any ground. He puts his refusal to testify solely on the ground that he was honor bound to keep a woman's secret, not that the testimony would tend to incriminate him. The first we hear of this contention is in the court here, raised not by appellant, but by his counsel. Nothing is better settled than that the privilege must be pleaded by the witness. Another cannot plead it for him, not even his counsel. Thus the accused may not claim the privilege for a witness. *White* v. *State,* 52 Miss., 216.

Nor can counsel for the witness raise the objection for him. 30 Am. & Eng. Ency. Law (2d ed.), 1165.

A witness cannot avail himself of his privilege by merely stating that he claims his privilege, but he must put his refusal distinctly upon the ground of self-incrimination. *People* v. *Seaman,* 29 N. Y. Supp., 329.

See, also, the full discussion of this proposition in *State* v. *Panacost,* 35 L. R. A., 518, at page 532 of the opinion.

So in Tennessee it has been held that a general refusal to testify is not sufficient. He must put his refusal squarely on the proper ground. *In re Druggist Cases,* 1 Pickle, 449; *Kirschner* v. *State,* 9 Wis., 140.

Argued orally by *Milford F. Rogers, in propria personae,* and by *Jas. C. Longstreet,* for appellant.

CALHOON, J., delivered the opinion of the court.

The grand jury was inquiring into the larceny of a $2,000 money express package. Rogers was a witness, and testified

that a woman with an infant in her arms had brought the package unbroken to him, to be by him returned to the express company, upon his solemn promise of secrecy and immunity from prosecution of the person who committed the larceny, and that the guilty party was unknown to him. Because of this solemn promise Rogers refused to name the woman who brought him the package. The grand jury reported him to the court, which fined him, and he appeals.

In the prosecution of its duty to ferret out crime, it was entirely competent, relevant and material for the grand inquest of the county to ask the witness the name of the person who had in possession the stolen package. Without this indictments would depend upon the personal conception of the witness of the requirements of his private honor. Individual standards of elevated principles of social duty cannot be permitted to terminate investigations so absolutely essential to the public welfare. On the point made that an answer might be self-incriminatory, waiving the patent absurdity of any remote possible suspicion of the refined, cultivated and sensitively honorable gentleman who is the appellant in this case, it need only be said that he claimed no right to decline to answer on that ground. If he had made such, in his case impossible, objection, we should have a very different question.

On the last contention, that the woman who brought the package to the witness was the wife of the guilty party, and that, as she could not be made to testify, he cannot be, we observe, first, that the record nowhere discloses that she was such wife, and, secondly, that, if it did, it did not warrant the witness in refusing to say who had the package in possession. We wish we might extricate this appellant, whose ideas of the basic principles of duty and right action as between private persons are admirable; but the law is plain and inexorable, and we must pronounce it. If the rule was technical, as suggested, we might be strongly tempted to brush it aside; but it is vital to

the protection of society.    Private opinion of private duty must yield to public necessity.

*Affirmed.*