O'DELL v. STATE.*

(Division B.    Dec. 14, 1925.)

[106 So. 268.    No. 24932.]

WITNESSES. *Witness to be compelled to testify who participated in his alleged purchase of liquor from defendant.*

Defendant from whom witness testifies that he bought liquor, another person taking part in the purchase, is entitled, for purpose of impeachment, to have witness compelled to testify who the other person was, though witness states that he had given him his word not to tell any one about it.

*Headnote 1.    Witnesses, 40 Cyc., pp. 2492, 2531.

Appeal from circuit court of Leflore county.

Hon. S. F. Davis, Judge.

Ophelia O'Dell was convicted of unlawful sale of liquor, and appeals. Reversed and remanded.


*Kimbrough, Tyson & Kimbrough,* for appellant.


The refusal of the witness to testify, and the action of the court in refusing to compel him to give this important and vital information, was grossly unjust to appellant and was a manifest violation of her rights. The force of the injury to her is made doubly manifest when it is realized that her defense was that the witness, Brooks, was either *mistaken* in his testimony, or *corrupt*. In any event she was entitled to have his companion called, but this was most important in this case since the entire state's case rested on the testimony of the witness, Brooks.

Here we have an ignorant, more or less helpless, negro woman hailed into court on a charge of selling intoxicating liquors. Under our very broad statute, and the liberal construction given it by the court, the "nature and cause of the accusation" is given defendant in the broadest possible terms. She is merely charged with the sale of intoxicating liquors. The name of the purchaser is not given; the time of the sale is not given; the person, or persons, to whom the sale or sales are alleged to have been made are not given; the particular character or kind of liquor alleged to have been sold is not given; the price paid is not given; and the circumstances surrounding the alleged sale and particular location thereof are not given.

In this case, the defendant was confronted by the witness, Brooks, an automobile mechanic, who had drifted in his short life from pillar to post. He testifies that on September 14, 1924, he and another white man from the

city of Greenwood went to the home of the appellant and each bought from her a quart of whiskey. She denies this *in toto,* and says to him, "This is not true. You say another man was with you; tell me who he was, and I will prove by him that your testimony is not true." He refused to do this. Why? Because, he says, he promised the other man he would not bring him "into it." But at the same time there is shown to have been running in the Commonwealth, a daily newspaper published in the little town of the witness' residence, an advertisement signed by the sheriff, offering cash rewards of twenty-five and fifty dollars for evidence resulting in each conviction of liquor law violators, the amount of the reward depending on the amount of liquor sold.

The witness, Brooks, should have been required to disclose, on cross-examination, the identity of the person claimed by him to have accompanied him on his trip to appellant's house, and to answer questions as to his testimony in the trial before the justice of the peace, so that appellant might contradict him and impeach his testimony.

It is elementary that a person charged with a crime is entitled to be confronted by his accusers, and this right carries with it the further right to cross-examine the witnesses appearing against him. It is further elementary that he can compel the testimony of witnesses by compulsory process. It is further elementary that a court having jurisdiction of a trial has inherent authority, without regard to statute, to compel the attendance of witnesses, and to compel their testimony on every material, relevant matter at issue, subject only to certain exceptions, such as self-incriminating and privileged information.

With regard to the right of, and rules as to cross-examination of witnesses, it is unnecessary for us to enter into an elementary or academic discussion. Suffice it to say that there are, or were, two well recognized rules, one known as the English or orthodox rule, and the other as

140 Miss.—46.

the American rule. These rules are fully discussed in 28 R. C. L., par. 192, et seq. Neither rule obtains strictly in this state, the rule obtaining here being definitely stated in 1856 in *Mask et al.* v. *State,* 32 Miss. 405.

The test of whether a fact inquired of on cross-examination is collateral is this: Would the cross-examining party be entitled to prove it as a part of his case, tending to establish his plea? *Williams* v. *State,* 73 Miss. 820; *Garner* v. *State,* 76 Miss. 515; Wharton's Crim. Ev. (10th Ed.), par. 484; 40 Cyc. 2477; 40 Cyc. 2531; 40 Cyc. 2564; 28 R. C. L., par. 189; *Executor* v. *Solomon,* 71 Miss. 168.

*F. S. Harmon,* assistant attorney-general, for the state.

On direct examination the district attorney asked witness Brooks whether anyone went with him when he purchased the liquor, and upon his statement that a white man was with him, the district attorney asked the name of his companion, whereupon Brooks said he promised not to divulge his name. The district attorney thereupon withdrew the question. However, on cross-examination counsel for appellant brought up this point again and insisted on knowing who the other party was, to which Brooks responded, "I can't answer that because it would cause him to lose his job, and I gave him my word of honor that I would not divulge it." Again the witness stated that he had sworn he would not tell. The court finally ruled that Brooks need not tell the name of this man, and the defendant read into the record a statement, to the effect that the name of this other party was sought for the purpose of having the other party called as a witness, so as to impeach the testimony of witness, Brooks.

We state frankly to the court that a serious question is here presented. However, the court will note that this woman, testifying in her own behalf, denied that Brooks,

either alone or with anyone else, came to her house on the day in question and bought liquor from her. And yet, while denying his entire testimony with the greatest vehemence, she insists on having the name of a party who, she says, never came to her house. If no one at all came to her house that day, and she swears that under oath, then how can she complain because Brooks did not reveal the name of his companion? If she had admitted that Brooks came, but denied that anyone came with him, it would have been necessary for Brooks to have stated the name of his companion, but when she denies every word of his story, then it is inconsistent to come to this court and complain because he didn't tell more lies than she says he told. Bluntly stated, appellant is in this position: She says Brooks was lying when he says he or anyone else with him came to her house on the day in question and purchased liquor, and yet she insists that he tell another lie (according to her version of his testimony), and divulge the name of a companion, whom she says never came. Surely this court will not allow her to take advantage of such an inconsistent position.

While counsel did not cite it, we desire to render all possible assistance to the court, and, therefore, refer to *Milford Rogers* v. *State,* 88 Miss. 38, 40 So. 744, where this court held that a witness before the grand jury who received stolen property from a woman to return to the owner, and promised this woman on his honor that he would not divulge her name, could not decline to identify the woman because of his promise. Judge CALHOUN's opinion is a very strong one, and the case is one of the leading cases on the proposition that a promise not to divulge the name of an interested party is insufficient in the grand jury room. The broad distinction between the Rogers case and the case at bar lies in the fact that in that case it was the grand jury that sought the name of the woman, and we realize, of course, that the grand jury is the inquisitory body whose primary purpose and func-

tion it is to ferret out offenders against the law, and it is absolutely vital that information be given to the grand jury. See also 35 L. R. A. (N. S.) 583, and cases therein cited; Grey's Trial, 9 How. St. Tr. 175.

On the question of a communication based on friendship, or promise of secrecy, we call the court's attention to note in Ann. Cases 1916C at 699.

We frankly admit that the general rule would require this name to be divulged, but we insist that where the appellant denies the entire story of the state's witness, the situation is different, and appellant's inconsistency is so marked that she is not entitled to the name of this party, and, therefore, no reversible error was here committed.

HOLDEN, P. J., delivered the opinion of the court.

Ophelia O'Dell appeals from a conviction on a charge of unlawful sale of intoxicating liquor.

Reversal is urged upon several grounds, among them being the failure to prove the venue; but we shall notice only one point, which will result in a reversal of the judgment of the lower court; and the other questions may not arise on a second trial.

The state offered a witness by the name of Brooks, who testified that he went into the house of appellant, O'Dell, and bought a bottle of liquor from her. He said that another man was with him at the time, and took part in the purchase of the whisky. On cross-examination counsel asked witness Brooks who the party was that was with him at the time the liquor was purchased, and Brooks refused to divulge his name because, as he said, he had promised the party not to mention his name in the matter. Counsel for appellant insisted that the witness tell the name of the person who was with him, and the witness persistently refused to tell who accom-

panied him and assisted in the purchase of the liquor. When pressed hard, he said that it was a white man, and that he invited him (witness), and took him in his car.

After this witness Brooks had obstinately refused to tell the name of the party who, he claimed, was with him at the sale, counsel for appellant appealed to the court to compel the witness to answer the question and disclose who was with the witness at the time the liquor was bought. The court refused to compel the witness to testify as to the name of the man who was with Brooks, and counsel for appellant excepted to the action of the court, stating to the court that he desired to know the name of the unknown party so that he could contradict and impeach the testimony of the witness and show that no such transaction as claimed by the witness occurred, and to discredit the story of the witness in many other respects. But the court refused to compel Brooks to tell who was with him at the time the liquor was purchased from the appellant.

Now, without going into details in discussing this point, it is our opinion that the court erred in denying the appellant the right to have the witness Brooks state who the white man was that he claimed was with him at the time the whisky was purchased from appellant. A witness cannot rightfully refuse to disclose the name of one who was present when an offense is charged to have been committed, simply because he had promised or "given him his word" that he would not tell anyone about it. The testimony that counsel for appellant attempted to compel Brooks to give might have been exceedingly important to the appellant, and might have resulted in the complete impeachment and destruction of Brooks' story if the name of this stranger had been disclosed so that appellant could bring the man in and face Brooks with the charge that he was present and participated in the purchase of the whisky. *Rogers* v. *State,*

88 Miss. 38, 40 So. 744; *Mask* v. *State,* 32 Miss. 405; 40 Cyc. —.

For the error mentioned, the judgment of the lower court will be reversed, and the case remanded.

*Reversed and remanded.*